IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| JEREMIAH CROMERDIE, ) | |
|         Plaintiff, ) | |
| ) | |
|   vs. ) | Civil Action No. 15-22 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| JOHN E. WETZEL *Secretary Department* ) | |
| *of Corrections*; SHIRLEY MOORE ) | |
| SMEAL *Executive Deputy Secretary* ) | |
| *Department of Corrections*; DAVID ) | |
| PITKINS *Deputy Secretary Western* ) | |
| *Region Department of Corrections*; MARK ) | |
| CAPOZZA *Superintendent* ) | |
| *SCI – Pittsburgh*; JOHN DOE *Board* ) | |
| *Chairman Pennsylvania Parole Board*; ) | |
| KIMBERLY BARKLEY *Board* ) | |
| *Secretary, Pennsylvania Parole Board*; ) | |
| MICHAEL WHITE *Board Member,* ) | |
| *Pennsylvania Parole Board*; JANE DOE ) | |
| *Board Member Pennsylvania Parole* ) | |
| *Board*, ) | |
|         Defendants. ) | |

## **REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that the Complaint submitted in the above-captioned case, ECF No. 1-1 be dismissed for failure to prosecute.

II. **REPORT**

Plaintiff, Jeremiah Cromerdie, has presented a civil rights complaint against Defendants, alleging that Defendants violated his rights under the Thirteenth and Fourteenth Amendments to the United States Constitution, when they failed to grant him parole. On February 3, 2015, this

1

Court entered an Order requiring Plaintiff to submit a signed Authorization Form by February 23, 2015, permitting the withdrawal of funds from his inmate account to complete his petition to proceed *in forma pauperis*. On March 3, 2015, this Court issued an Order to Show Cause, returnable on March 16, 2015, requiring Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to submit to the Court a signed Authorization Form by February 23, 2015, as directed in the Order dated February 3, 2015. To date, Plaintiff has failed to respond or give any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

 (1) The extent of the party's personal responsibility.
 (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
 (3) A history of dilatoriness.
 (4) Whether the conduct of the party or the attorney was willful or in bad faith.
 (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
 (6) The meritoriousness of the claim or defense.

Consideration of these factors indictates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weighs heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so nearly two months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than delay, there appears to be no specific prejudice to Defendants given that Defendants have not yet been served. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                Respectfully submitted,

                                                /s/Maureen P. Kelly
                                                Chief United States Magistrate Judge

Dated: April 20, 2015

cc:     The Honorable Nora Barry Fischer
         United States District Judge

         Jeremiah Cromerdie
         EM-5986
         SCI Pittsburgh
         P.O. Box 9991
         Pittsburgh, PA 15233